MIDFORD v. KANN. POWELL v. SAME. SARDOU v. SAME.

(Supreme Court, Appellate Division, Second Department. July 7, 1898.)

1. ILLEGAL ARREST—TRESPASSERS.
    While the owner of a barge is justified in using as much force as is necessary to remove mere trespassers therefrom, yet, if they use no violence against him, they are not liable to arrest, and for an illegal arrest procured by him under such circumstances they are entitled to recover damages.

2. DISORDERLY CONDUCT—JURISDICTION.
    While section 1442 of the consolidation act gives the courts of the city and county of New York jurisdiction to punish offenses committed in the

lower bay, it does not extend over that territory the provision of section 1458, that every person who commits certain offenses in any thoroughfare or public place in that city and county shall be deemed guilty of disorderly conduct.

Appeal from trial term, Kings county.

Actions by Albert G. Midford, William B. Powell, and Morelia Sardou against William L. Kann. From judgments in favor of plaintiffs severally, and from an order in each case denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

William E. Stiger, for appellant.

James C. Church, for respondents.

CULLEN, J. The Midford Pneumatic Salvage Company, a corporation, was engaged in raising the wreck of the steamship Ailsa, which had been sunk in the lower bay, near Ft. Hamilton, and for that purpose had a barge called the Slater at the place where the wreck lay. The plaintiff Midford was a stockholder and director of the corporation, and also superintendent in charge of the work. The plaintiff Powell was employed as a mechanical engineer, and the plaintiff Sardou as assistant superintendent. The directors of the corporation removed Midford from his position as manager, and directed him to turn over the property of the company to one Guckenheimer, who had been appointed his successor. The defendant, Kann, was vice president of the company, and went with Guckenheimer in a tug to the barge Slater for the purpose of obtaining possession of the property, and installing Guckenheimer in Midford's place. Anticipating trouble, Kann had secured the presence of a police boat in the vicinity. On reaching the Slater, the defendant demanded the possession of the property, and instructed the plaintiffs to leave the boat. With this demand they refused to comply. For some time the defendant endeavored to persuade the plaintiffs to accede to his demands, and, finally, failing in his effort, instructed the police officers to arrest the plaintiffs, and carry them, under arrest, to New York City. While the plaintiffs refused to leave the company's barge, they offered no force or violence to the defendant or his associate. Plaintiffs were taken to a police station in the city of New York, where the defendant charged them with disorderly conduct. The sergeant in charge of the station discharged the prisoners. For this arrest these several actions were brought. The trial court instructed the jury that the plaintiffs were trespassers, and that the defendant was justified in removing them from the wrecking barge; but that their arrest was illegal, and that for the arrest, and not for expulsion from the barge, they were entitled to recover damages. The only question presented on appeal is the correctness of this charge.

We think the learned trial judge was right. A simple trespass is not a crime, and we know of no authority for arrest for such an act. The defendant was justified in using as much force as was necessary to remove the plaintiffs from the barge, and, if they offered resist-

ance, he might properly increase the force used for that purpose. If the plaintiffs had used violence against him while he was endeavoring to eject them, this would have constituted an assault for which they would have been liable to arrest, but they did nothing of the kind. The appellant's counsel contends that the plaintiffs had been guilty of disorderly conduct, under the provisions of section 1458 of the consolidation act of the city of New York (chapter 410, Laws 1882), which enacts: "Every person in said city and county shall be deemed guilty of disorderly conduct that tends to a breach of the peace, who shall in any thoroughfare or public place in said city and county commit any of the following offenses, that is to say: * * * (3) Every person who shall use any threatening, abusive, or insulting behavior with intent to provoke a breach of the peace or whereby a breach of the peace may be occasioned." There are several answers to this claim: First, no evidence was given tending to show that either of the plaintiffs had been guilty of threatening, abusive, or insulting behavior; second, the occurrence did not take place in the city of New York, but in the county of Kings. While section 1442 gives the courts of the city and county of New York jurisdiction to punish offenses committed in the lower bay, it in no manner extends the provisions of section 1458 over that territory. No suggestion is made that the plaintiffs had been guilty of any offense under either the common law or the Penal Code. If they had used force, or threatened violence, being they were three in number, another question would be presented.

The judgments and orders appealed from should be affirmed, with costs. All concur.